### KNASH et al. v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1915.)

No. 2625.

SHIPPING ⬦➔86—LIABILITY FOR INJURY TO STEVEDORE—UNSAFE WAY.

Allegations that an injury to a stevedore engaged in stowing cargo in the lower hold of a ship, which caused his death, was due to the unsafe condition of the perpendicular iron ladder by which he was required to enter and leave the hold, caused by the negligent piling of cotton so close to one side of the ladder as to project between the rungs, by reason of which deceased lost his foothold and fell, *held* not supported by the evidence, which showed that, while the cotton projected through the ladder, it could be safely used with reasonable care, and was safely used by 15 others employed with deceased.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. ⬦➔86.]

Maxey, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by Mary Jane Knash and others against the Compagnie Générale Transatlantique, owner of the steamship Mexico. Decree for respondent, and libelants appeal. Affirmed.

The following is the opinion of the District Court, by Foster, District Judge:

In this case the libelants are, respectively, the mother and major sisters of one Joseph Knash, deceased, and they allege that Joseph Knash was engaged in storing staves in the lower hold of the steamship Mexico, owned by the claimants, Compagnie Générale Transatlantique, in No. 1 hatch; that this hatch is equipped with a perpendicular iron ladder for means of ingress and egress, and could also be reached by means of a companionway; that Knash, in going to his work at about 3 p. m. on March 1, 1911, was permitted to use the companionway; that when knocking off time came he attempted to leave by the companionway, but it was closed, and he attempted to climb the ladder; that cotton had been negligently stored against the ladder, so as to project between the rungs, and consequently he lost his foothold when half way up and fell to the lower hold, receiving injuries from which he subsequently died. The answer admits the ownership of the vessel, but denies that Knash was permitted to use, or did use, the companionway in going to his work, or that the ladder was dangerous as charged.

⬦➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is, of course, conceded that it was the duty of the ship to furnish the deceased with a safe place to work and a safe passageway to and from his work. The iron ladder complained of was the usual iron ladder to be found in holds of steamships. The companionway referred to by libelants is evidently a passageway through the forecastle down to the between-decks; but from there on down to the lower hold the iron ladder was the only passageway existing.

It is in evidence that two gangs of eight men each were working in the lower hold, and that they went to their work by means of the iron ladder from the deck of the ship, and when knocking off time came they returned safely the same way, all except Knash, who was the sixteenth man to come out of the hold. After he had fallen, a hatchway cover was placed in a sling and lowered down by the winch, and he was brought up on it; but three men who went down to assist him went down again by the same ladder from which he had fallen.

There is some evidence that a man had to be careful in using this ladder, but that the cotton was not piled so close against it as to prevent a secure handhold and a secure foothold. As against this there is the testimony of Anthony Ray, a longshoreman, who was working in the hold with the deceased. He is the only one who testifies that in going to his work he went through what he called the sailors' room, presumably the forecastle, and that when he attempted to go back the door to this room was closed. However, he then safely ascended the ladder from which the deceased subsequently fell.

There was no defect in the ladder of any kind, and the fact that 15 men used it with perfect safety is conclusive evidence to my mind that it was a reasonably safe means of ascending from the hold, and therefore that the ship has discharged its full duty in providing it.

The libel will be dismissed.

Athur McGuirk and Sturges Q. Adams, both of New Orleans, La., for libelants.

Edward Rightor and James Legendre, both of New Orleans, La., for claimant.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. Upon consideration of the evidence in the transcript, we concur with the trial court in finding that there was not sufficient proof that the injury resulting in the death of Joseph Knash occurred as alleged, nor of such negligence on the part of the shipowners as to render them responsible, and therefore, and for the other reasons given by Judge Foster, the decree appealed from is affirmed.

MAXEY, District Judge, dissents.